IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES PACK, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| GERALD L. ROZUM, et al., | : | NO. 14-1248 |
|     Respondents. | : | |

## EXPLANATION AND ORDER

Petitioner initiated this habeas action with a filing in the Middle District of Pennsylvania, which transferred the matter here on February 28, 2014 because Pack's conviction was obtained in a Court of Common Pleas located in this district. (Doc. 1.) The matter was referred to the undersigned on March 10, 2014 for preparation of a Report and Recommendation. (Doc. 2.)

Upon review of his submission to the Middle District, we determined that Petitioner's filing did not adequately set forth the grounds upon which he sought federal habeas review and relief from his state conviction. Accordingly, by order entered on March 11, 2014, we directed him to complete and return this district's standard form Petition for Relief From a Conviction or Sentence By a Person in State Custody (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus), Form PAE AO 241 (Rev. 07/10), which was provided to him. We specifically directed him to "provide statements **ON THE FORM** indicating the ground(s) on which he claims that he is being held in violation of the Constitution, laws, or treaties of the United States," referring him to pages 8-14 and paragraph 12 of the form petition. (Doc. 3.) Upon receipt of correspondence from Petitioner seeking clarification of our order (Doc. 4-1), we issued another order, on April 11, 2014, reiterating that he was required to complete the standard form that was previously provided to him. Our order explained:

1

> It is necessary for Petitioner to provide statements **ON PAGES 8-14 (PARAGRAPH 12) OF THE FORM** indicating the ground(s) on which he claims that he is being held in violation of the Constitution, laws, or treaties of the United States, *as his original submission sought to incorporate by reference a list of claims litigated in state court and did not put forward with the particularity required by the form the bases for his claims for federal habeas relief.*

(Doc. 4 (bold in original; italics added).)

On April 11, 2014, Petitioner's "revised" petition, dated April 7, 2014, was received and docketed. Petitioner has filled out many sections of the form and provides reams of exhibits pertaining to his state court proceedings. On pages 8 through 14 of the form, however, he again fails to comply with the directions on the form[1] and the directive contained in our previous orders. In the portions of the form in which he is to set out Grounds One, Two, Three, and Four, he responds only "See Attached" and provides no response as to the supporting facts pertinent to the ground. His submission contains no attached page that purports to identify his four grounds for federal relief nor the supporting facts pertinent to those claims. Rather, as indicated above, he includes over 100 pages of correspondence and filings relating to his state proceedings.

The only other information Petitioner provides about these purported grounds for relief is that he did not exhaust state remedies, and that he has attempted to obtain state relief

---

[1] The form states:

> 12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

*See* Doc. 5 at 8. The form continues with a caution about the exhaustion requirement and advises that if the petitioner "fail[s] to set forth all the grounds in this petition, [he] may be barred from presenting additional grounds at a later date." *Id.* The form then continues with two lines in which the petitioner should indicate "GROUND ONE" and six lines for the petitioner to set forth "supporting facts (Do not argue or cite law. Just state the specific facts that support [the] claim.)."

through a PCRA petition that is currently pending "in Lower State Court" (Doc. 5 at 9, 10, 12, 14 at ¶¶ 12(b)) and that he had wanted to raise the issues on direct appeal but counsel "failed" or "refused" to raise them.  *See also* Pet. at 15, ¶ 13(a) (indicating that not all grounds for relief raised in petition have been presented to the highest state court having jurisdiction, as "all grounds raised in this Petition are currently pending in lower State Court PCRA Petition").  Petitioner "requests this instant Petition for Writ of Habeas Corpus be accepted and filed and a stay [sic] Pursuant to Rhines v. Webber, 544 U.S. 269, 278-79, 125 S. Ct. 1528 (2005)."  (*Id.* at 17-18, ¶ 18.)

*Rhines* permits the federal court to stay consideration of a habeas petition and hold it in abeyance pending exhaustion of state court remedies in limited circumstances.  One of the conditions that must be satisfied before the federal court should grant a stay of proceedings, however, is that the unexhausted claims have potential merit or, put another way, are not "plainly meritless."  *Rhines*, 544 U.S. at 277.  **The Court cannot undertake that assessment when Petitioner does not identify the unexhausted grounds upon which he believes he is "being held in violation of the Constitution, laws, or treaties of the United States."**  *See* Pet. at 8.

AND NOW, this 17TH day of April, 2014, for the reasons set forth above, **IT IS ORDERED THAT** Petitioner **SHALL COMPLETE AND RETURN** the attached Pages 8-12 of his most recent submission of this district's standard form Petition for Relief From a Conviction or Sentence By a Person in State Custody (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus), Form PAE AO 241 (Rev. 07/10) **no later than May 5, 2014**.  Petitioner **MUST** provide statements **ON THE FORM** indicating the ground(s) on which he claims that he is being held in violation of the Constitution, laws, or treaties of the United States.  *See* Form Pet. at pp.

8-14, ¶ 12.  Petitioner is not to submit any further copies of documents concerning his pending state court action.

**Failure to comply with this Order may result in the dismissal of the petition.** *See* Rule 2(c), Rules Governing Section 2254 Cases (providing that "[t]he petition must: (1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground"); Rule 4 ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition[.]")

BY THE COURT:


/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE